```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

DONALD P. SPEAKMAN, STEPHEN     )
H. WEDEL, and MARK L. ROBARE,   )
                                )
            Plaintiffs,         )          4:05CV3231
                                )
     v.                         )
                                )
ALLMERICA FINANCIAL LIFE INS.   )       MEMORANDUM AND ORDER
& ANNUITY, FIRST ALLMERICA      )
FINANCIAL LIFE INS., and        )
ALLMERICA FINANCIAL,            )
                                )
            Defendants.         )
                                )
```

The matter pending in this forum is a motion to quash filed by Rodney K. Vincent, a nonparty and Nebraska resident, who received a subpoena signed and served by Massachusetts counsel purportedly acting on behalf of the United States District Court for the District of Nebraska. The subpoena states Vincent must appear to produce documents on September 13, 2005, and must appear to be deposed on September 19, 2005 in Boston, Massachusetts. See filing 5 (Levin affidavit with attached ex. 1) at p.7. The underlying case is between the above-captioned parties and filed as case number 4:04-CV-40077-FDS in the United States District Court for the District of Massachusetts. Filing 5 (Levin affidavit), exs. 2 & 3.

Vincent claims the subpoena must be quashed because it requires his presence at a location more than one hundred miles from his residence, employment, or where he transacts business; the defendants failed to pay the legally required mileage and witness fees to secure his attendance; the subpoena was signed and served on behalf of the United States District Court for the District of Nebraska by an attorney who is not admitted to

practice in this court; the subpoena places an undue burden on a non-party attorney; the subpoena requests expert opinions which are protected under the work product doctrine; and the subpoena encompasses information subject to the attorney-client privilege and non-discoverable trade secrets, confidential research, and commercial information.  See filing 3 (amended motion to quash); filing 6 (response to defendants' opposition).

     By letter dated September 28, 2005, the defendants agreed to continue the depositions and, if they were later needed, conduct them at a mutually agreeable location within the geographical boundaries described in Rule 45.  The defendants further agreed to pay Vincent's witness fee and mileage costs as required under Rule 45.  The defendants further state they that they have retained Nebraska local counsel, and any later deposition will be held at the offices of their Nebraska counsel.  The defendants state that until the motion to quash was filed, they were not aware Vincent had already provided any non-privileged documents relevant to the Massachusetts suit to the plaintiffs.  Under such circumstances, the defendants state they are willing to accept a statement from Vincent verifying that all non-privileged documents have already been provided to plaintiffs' counsel along with a privilege log describing the documents withheld.  The defendants agreed to either pay the shipping costs for any documents produced by Vincent or accept delivery of such documents at the office of their local counsel.  As to any confidential business information, the defendants state they are willing to negotiate and enter into a Confidentiality Agreement, or receive the documents subject to a protective order.  Filing 5 (Levin affidavit), ex. 5.

In response to the defendants' claim that Vincent never discussed his concerns with the defendant before filing the motion, Vincent claims he was not obligated to do so. He argues that the "meet and confer" requirements of NECivR 7.1(i) pertains only to those discovery disputes arising under Federal Rules 26 through 37. I disagree. NECivR 7.1(i) states:

> To curtail undue delay in the administration of justice, this court will not consider <u>any discovery motion</u> unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them.

NECivR 7.1(i)(emphasis added).

Moreover, "[a] motion raising a substantial issue of law must be supported by a paginated brief filed and served <u>contemporaneously</u> with the motion. . . Should the court conclude that the motion raises a substantial issue of law, however, it may treat a party's failure to file a brief as an abandonment of the motion." NECivR 7.1(a)(1)(A) & (B)(emphasis added). The issues raised by Vincent are substantial issues of law, but he filed no brief with his motion. He has filed a motion for leave to submit a response out of time, but this responsive brief was not served until after the defendants' brief and opposing evidence were filed. Vincent's motion to quash could be denied for failure to comply with this court's local rules.

However, it appears the defendants have, in essence, conceded that the subpoena violated Rule 45 in terms of geographical location and payment of fees and expenses, and that Nebraska counsel should serve any subpoenas issued on behalf of

this court. The defendants have further stated that they are willing to pay any expenses related to document shipments, are willing to accept a statement of production to plaintiff's counsel and a privilege log in lieu of requiring any duplication of effort by Vincent, and are willing to negotiate a confidentiality agreement or the terms of an appropriate protective order as to any confidential business information. Rather than simply deny Vincent's motion for failing to comply with the local rules, and consistent with the defendants' September 28, 2005 letter, I shall order the defendants to re-serve their subpoena through their Nebraska counsel and in accordance with the Federal Rules of Civil Procedure and the local rules of this court.

As to any issues which may arise on the newly served subpoena, the parties shall fully comply with NECivR 7.1(i) before filing a discovery motion, and all filings shall be submitted in accordance with this court's local rules. The parties are further advised that if called upon to resolve a discovery dispute related to the re-served subpoena, even in the absence of a request by either party, the court will take judicial notice of any statements and representations made by the parties on this motion to quash, as well as any failure to raise an issue or objection on this motion.

IT THEREFORE HEREBY IS ORDERED:

1. The Request to File a Response Out of Time filed by movant Rodney K. Vincent, filing 7, is granted. Vincent's Response, filing 6, has been considered in ruling on this motion.

2. The Motion to Quash filed by Rodney K. Vincent, filing 3, is granted in part. Provided the defendants still seek discovery from Vincent, they shall re-serve their

>subpoena in accordance with the Federal Rules of Civil Procedure and the local rules of this court.

DATED this 27th day of October, 2005.

>>BY THE COURT:
>>
>>s/ *David L. Piester*
>>David L. Piester
>>United States Magistrate Judge